IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MITCHEAL L. SMITH                                                                           PLAINTIFF

vs.                                       Civil No. 3:12-cv-03134

CAROLYN W. COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Mitcheal L. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and Child Disability Benefits ("CDB") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability applications on December 23, 2008.  (Tr. 11, 83). Plaintiff alleges being disabled due to manic depression, Post-Traumatic Stress Disorder ("PTSD") and a social phobia.  (Tr. 120).  Plaintiff alleges an onset date of January 1, 1993.  (Tr. 11).  These applications were denied initially and again upon reconsideration.  (Tr. 54-55).  Thereafter, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 72-82).

On March 7, 2011, this hearing was held in Batesville, Arkansas.[2] (Tr. 337-372). Plaintiff was present at this hearing and was represented by Frederick S. Spencer. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.* In his testimony, Plaintiff stated he had been in the penitentiary four or five times. (Tr. 348). He testified he had been in the penitentiary for assault, theft of property, and "a lot of revocations for not going to my . . . appointments because I can't bring myself to make. . . ." (Tr. 349). Plaintiff testified the last time he was incarcerated was "[a]bout four months ago" after "self-medicating" with prescription drugs. (Tr. 349-350). During the administrative hearing in this matter, the ALJ asked Plaintiff if he had "self-medicate[d] today," noting Plaintiff sounded like he was "high," and Plaintiff denied taking anything that day. (Tr. 352).

After this hearing, on April 29, 2011, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 11-24). In this decision, the ALJ found Plaintiff met the insured status requirements through September 30, 1993. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 1993, his alleged onset date. (Tr. 14, Finding 3). The ALJ determined Plaintiff had the following severe impairments: major depression, anxiety disorder, personality disorder, and polysubstance abuse (chronic). (Tr. 14, Finding 4). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No.

---

[2] It appears Plaintiff also had an administrative hearing on October 5, 2010 while he was inmate at the Grimes Unit of the Arkansas Department of Corrections. (Tr. 361). It appears no additional issues were raised at this initial hearing.

4 ("Listings").  (Tr. 14-16, Finding 5).

In this decision, the ALJ evaluated Plaintiff's RFC with his drug use and without his drug use.  (Tr. 16-17, Finding 6; Tr. 20-22, Finding 14).  Assuming he still continued to abuse drugs, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, based on all of the impairments, including the substance use disorders, the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he would be limited to unskilled work, which is work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct and concrete.  Due to the effects of substance use disorders, he would have severe difficulties with social interaction and could not respond appropriately to the supervision, co-workers, and usual work situations.  He could not deal with changes in a routine work setting, tolerate criticism, or handle normal work production stress.  He also exhibits a poor ability to stay awake.

(Tr. 16, Finding 6).  Assuming he discontinued his drug abuse, the ALJ found Plaintiff retained the following RFC:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant would still be limited to unskilled work, which is work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little independent judgment, and the supervision required is simple, direct and concrete.  In addition, due to moderate difficulties with social interaction [he] could not deal with the general public; and due to moderate stress [he] could not tolerate intensive tension or pressure.

(Tr. 20-22, Finding 14).

The ALJ determined Plaintiff was twenty (20) years old on his alleged disability onset date.  (Tr. 18, Finding 8).  Such a person is a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 18, Finding 8).  The ALJ also determined Plaintiff had received a GED and was able to communicate in English.  (Tr. 17, Finding 9).

3

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 22, Finding 15). The ALJ then considered whether Plaintiff would be able to perform other work existing in significant numbers in the national economy if he discontinued his substance use. (Tr. 22-23, Finding 17). The VE testified at the administrative hearing regarding this issue. *Id*. Based upon that testimony, the ALJ found Plaintiff would retain the capacity to perform the requirements of representative occupations such as truck helper (heavy, unskilled) with approximately 8,900 such jobs in Arkansas and 340,000 such jobs in the United States and construction laborer (heavy, unskilled) with approximately 1,300 such jobs in Arkansas and 200,000 such jobs in the nation. *Id.*

The ALJ then determined Plaintiff would not be under a disability if he stopped his substance use; therefore, his substance use disorder was a contributing factor material to the determination of disability. (Tr. 23, Finding 18). Further, because Plaintiff retained the capacity to perform this other work if he stopped his substance use, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, at any time during the relevant time period. (Tr. 23, Finding 19).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On August 17, 2012, the Appeals Council denied this request for review. (Tr. 4-6). On October 10, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 26, 2012. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.**   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

   It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

   To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

5

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**　**Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ improperly determined his drug use was a material and contributing factor as to his disability; (B) the ALJ improperly determined his RFC; and (C) the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 12 at 1-18. The Court will address each of these arguments.[3]

**A.**　**Evaluation of Plaintiff's Drug Use**

Plaintiff claims the ALJ erred in finding that if he stopped his drug use, he would not be disabled. ECF No. 12 at 10-12. Specifically, Plaintiff argues that he still suffers the repercussions of his past drug use and, as a result, even if stopped his current drug use, he would still be disabled. *Id.* As Plaintiff argues, "it is common knowledge that the heavy use of drugs such as methamphetamine and other stimulants often results in permanent changes to brain chemistry." *Id.*

---

[3] However, because Plaintiff's third claim (C) reiterates the arguments he makes with his first (A) and second (B) claims, the Court will not address this third argument.

In support of his claim, Plaintiff relies upon the findings of a one-time diagnostic evaluation completed by Kenneth Hobby, Ph.D. on January 28, 2012. (Tr. 298-309). Mr. Hobby completed this evaluation while Plaintiff was in prison and was not "using substances." (Tr. 306). In this evaluation, Mr. Hobby found Plaintiff suffered from "depressive disorder" which was "very likely strongly influenced by drug use and the after effects." *Id.* Plaintiff claims the fact he continued to suffer from "depressive disorder" while he was not abusing substances demonstrates he is disabled. ECF No. 12 at 10-12.

The Court has reviewed Mr. Hobby's report. Indeed, while Mr. Hobby did find Plaintiff suffered from depressive disorder, personality disorder, and polysubstance dependence while he was in prison, Mr. Hobby also found Plaintiff had a GAF score of 51-60 while he was in prison and was not abusing drugs. (Tr. 306). This score only indicates "moderate symptoms." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). Such a finding of "moderate symptoms" certainly does not establish Plaintiff's alleged disability.

Further, with this argument, Plaintiff also claims the ALJ did not fully develop the record on this issue because he failed "to seek expert opinion to make this difficult and complex determination." ECF No. 12 at 12. The ALJ, however, only has the responsibility to develop the record "to make a fair determination as to whether nor not the claimant is disabled." *Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). Here, Plaintiff has made no demonstration that the record was not adequately developed. Indeed, unlike other cases of this nature, there is even a consultative examination from Mr. Hobby while Plaintiff was not abusing drugs. (Tr. 298-309). Accordingly, the Court cannot remand this case based upon Plaintiff's claim that the record was not adequately developed. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness

or prejudice, we will not remand").

**B.     RFC Determination**

Plaintiff claims the ALJ erred in evaluating his RFC. ECF No. 12 at 13-16. With this claim, Plaintiff speculates that the ALJ engaged in "a completely theoretical exercise" in this case in determining his RFC. *Id.* Plaintiff also argues the ALJ "clearly over-simplifies the issue" in determining he is only unable to work because of his drug use. *Id.* With this argument, Plaintiff provides no demonstration as to how the ALJ erred in assessing his RFC. *Id.* Because Plaintiff has not provided briefing or argument supporting this claim, the Court could dismiss it on this basis alone. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting the claimant's argument "out of hand" because the claimant provided no analysis of the relevant law or facts).

Further, based upon the Court's review of the medical records in this case–including the findings of Mr. Hobby–there is substantial evidence supporting the ALJ's RFC determination that Plaintiff would not be disabled if he stopped his substance abuse. Accordingly, Plaintiff has not offered a basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE